UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROL ANNE MAGEE,<br><br>Plaintiff,<br><br>v.<br><br>ISLAND COUNTY, WASHINGTON et al.,<br><br>Defendants. | CASE NO. C18-152 RAJ<br>ORDER |

This matter comes before the Court on Defendant Island County's Motion for Summary Judgment. Dkt. # 20. Plaintiff opposes, and Island County has filed a Reply. Dkt. ## 24, 26. The Court also considers all other outstanding motions in this case. Dkt. ## 14, 16, 23, 35, 67, 70, 74, 80, 83.

Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons that follow, Island County's Motion for Summary Judgment is **GRANTED**. Dkt. # 10. Defendant Option One Mortgage's Motion to Withdraw as Attorney is **GRANTED**. Dkt. # 70. All of Plaintiff's outstanding motions are **DENIED**. Dkt. ## 14, 16, 23, 35, 67, 74, 80, 83.

ORDER- 1

## I. BACKGROUND

Despite the many dozens of filings Plaintiff made in this matter, the Court has great difficulty determining the exact nature, scope, and details of Plaintiff's claims. Plaintiff's sprawling collection of filings are full of references to an Island County "satanic cabal," but contain very little in terms of specific accusations of wrongdoing. Nevertheless, as best as this Court can tell, Plaintiff's claims center on a series of interactions between her and Island County law enforcement at her apparent place of residence in Coupeville, WA. In 2010, Plaintiff drove her vehicle into a transformer, in a portion of her property apparently covered by an easement granted to Puget Sound Energy. Dkt. # 8 at 4. Plaintiff was arrested, charged, and convicted of criminal mischief in Island County, Washington. *Id*. at 4-5. In early 2018, the new owner of the property where Plaintiff lived attempted to evict her. *Id*. at 7-8. Plaintiff refused to leave despite a court order, and she was apparently arrested by Island County police for criminal trespass. Dkt. # 13-1 at 6-7; Dkt. # 29 at 2, 4-5. Plaintiff's criminal proceedings arising out of these events, and possible other interactions with law enforcement, are the focus of her lawsuit, which Plaintiff filed in federal court to apparently "shut down" the Island County judicial proceedings. Dkt. # 8 at 3.

On February 1, 2018, Plaintiff filed her first Complaint in this case. Dkt. # 1. Plaintiff amended her Complaint nearly a month later. Dkt. # 8.[1] Plaintiff's Complaint is largely incomprehensible, but appears to accuse various "nefarious forces" that are making her life "a living hell." *Id*. at 1-2, 5. The Complaint alludes to Plaintiff's arrests and incarceration, 2010 arraignment for malicious mischief, loss of property, injuries to horses, and vandalism by heroin addicts. *Id*. at 5-7.

---

[1] Plaintiff also submitted, as an exhibit to an Affidavit of Service, what appears to be a Second Amended Complaint. Dkt. # 13-1. The Court notes that this purported amended pleading was not filed separately and does not comport with Fed. R. Civ. P. 7 or 15, or this Court's Local Rules 7 and 15. Accordingly, the Court considers the document filed at Dkt. # 8 as the operative pleading in this matter.

Plaintiff accuses Island County of violating 42 U.S.C. § 1983 through "malicious prosecution." Dkt. # 8 at 3. Plaintiff contends that Island County police officers wrongfully arrested her in 2010 for the transformer incident without probable cause, and the Judge and prosecutors of Island County secured a conviction for malicious mischief by preventing her from submitting evidence and soliciting perjury. *Id*. at 5, 8. Plaintiff claims that her internet provider, Frontier Communications, hacked her computer. Dkt. # 8 at 3, 6. Plaintiff accuses Puget Sound Energy of "Fraud and Malicious Prosecution" for its role in her 2010 legal troubles and apparently terminating her electricity. *Id*. at 6. Plaintiff also accuses Country Financial of "colluding with Greg Banks" and denying her the benefit of an insurance policy. *Id*.

Plaintiff requests that this Court imprison the Island County police officers, prosecutors, and judges associated with her criminal proceedings, and to award her "millions in damages." *Id*. at 7-8. Plaintiff also seeks "title free and clear" and "$675,000 in compensation for the years of lost liberty," but does not say which Defendant is responsible for this amount. *Id*. at 5.

Island County is the only remaining Defendant in this lawsuit. On July 11, 2018 this Court dismissed Defendants Puget Sound Energy, Country Financial Insurance, and Frontier Communications based on Plaintiff's failure to provide proof of proper service of the Summons and Amended Complaint. Dkt. # 69. On July 30, 2018, this Court dismissed Defendant Option One Mortgage after Plaintiff failed to oppose Option One's Motion to Dismiss. Dkt. # 82.

## II. DISCUSSION

**A.  Island County's Motion for Summary Judgment**

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also, White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987). Although Plaintiff is proceeding *pro se*, *pro se* litigants are still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Island County's Motion for Summary Judgment contends that Plaintiff's claims should be dismissed as a matter of law because she cannot sustain a civil rights violation under Section 1983 against Island County, because she failed to comply with

Washington's tort claim statute prior to filing, and because she failed to properly serve Island County. Dkt. # 20. Plaintiff's Response largely ignores these points; instead, it claims improper notice of the Motion and restates various allegations outlined in her Complaint. Dkt. # 29. For the reasons that follow, the Court **GRANTS** Island County's Motion. Dkt. # 20.

1. <u>Plaintiff's 2010 Claims Are Barred by Statutes of Limitations</u>

At the outset, the Court notes that although it was not argued by either party, at least a portion of Plaintiff's claim appear to be centered on various events occurring in 2010, during the criminal proceedings connected with Plaintiff's malicious mischief charge. To the extent that Plaintiff requests relief from alleged wrongs connected with these events, Plaintiff's claims are barred by the applicable statutes of limitations. Claims under § 1983 are subject to a three-year statute of limitations borrowed from Washington law. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir.2002). Washington also provides a two-year limitations period for claims of false imprisonment. RCW 4.16.100(1). The same two-year limitations period applies to Washington false arrest claims. *Heckart v. City of Yakima*, 42 Wash. App. 38, 708 P.2d 407, 407 (1985). Washington also has a catchall three-year limitations period applies to any other action for "injury to the person or rights of another," RCW 4.16.080(2), including malicious prosecution claims. Plaintiff's claims from 2010 are all outside of these limitations periods, and are accordingly barred.

2. <u>Plaintiff Cannot Sustain a 1983 Action Against Island County</u>

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Department of Social Servs. of City of New York,* 436 U.S. 658, 691 (1978). A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown,* 520 U.S. 397, 403 (1997); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). A municipality cannot be held liable under

§ 1983 solely because it employs a tortfeasor. *Monell*, 436 U.S. at 691. In *Bryan County Commissioners,* the Supreme Court explained that:

> [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Bryan County Commissioners,* 520 U.S. at 404. A plaintiff may also establish municipal liability by demonstrating that an official with final policy-making authority "delegated that authority to, or ratified the decision of, a subordinate." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).

The factual allegations asserted by plaintiff in her complaint all pertain to the individual police officers, prosecutors, and judges associated with Plaintiff's legal troubles in 2010 and 2018. Dkt. ## 8, 29. Plaintiff paradoxically did not name any of these individuals as defendants in this lawsuit, only Island County. Dkt. # 8. Despite being the only named Defendant, Plaintiff asserts no factual allegations directly against Island County itself, aside from claiming Island County is a "satanic cabal." Dkt. # 8 at 2.

Island County argues that it is entitled to summary judgment because plaintiff has failed to produce any evidence of a municipal policy or custom that caused her alleged injuries, or any deliberate conduct that was the "moving force" behind the injury alleged. Dkt. # 20 at 3-4. Plaintiff's Response does not contest this, and merely restates her allegations against certain Island County employees, although she does describe Island County as the "Dutch Mafia." Dkt. # 29 at 2. Plaintiff does not identify any official with "final policy-making authority" that ratified the acts of the individuals, or provide any argument that the actions by the individuals she takes issue with reflect the policy of Island County as a whole.

The Court agrees with Island County, and finds that Plaintiff has failed to set forth any facts that would allow imposition of liability on Island County. Plaintiff therefore fails to adequately allege a cause of action against Island County; thus, any intended federal constitutional claims against Island County must be dismissed.

3. <u>Plaintiff Did Not File a Pre-Suit Claim for Damages With Island County</u>

Before filing a state law claim against a unit of local government or one of its agents, a plaintiff must file a pre-suit claim for damages. RCW 4.96.010(1).[2] A plaintiff is prohibited from filing a lawsuit encompassing the pre-suit claim until 60 days have passed, although any applicable statute of limitations is tolled during the 60–day period. RCW 4.96.020(4). Prior to 2009, courts strictly enforced pre-suit claim procedures. *Bosteder v. City of Renton,* 155 Wash.2d 18, 117 P.3d 316, 328 (2005). In 2009, however, the Washington Legislature amended the statute to dictate that substantial compliance with pre-suit claim procedures would suffice. RCW 4.96.020(5) ("With respect to the content of claims under this section and all procedural requirements in this section, this section must be liberally construed so that substantial compliance will be deemed satisfactory."); *Myles v. Clark County,* 170 Wash. App. 521, 289 P.3d 650, 655–56 (2012) (deeming amendments to apply to any "precipitating event" occurring after amended statute's July 2009 effective date).

Even the most liberal construction would not allow the court to overlook that Plaintiff failed to make any attempt, "substantial" or otherwise, to comply with the pre-suit procedural requirements. Dkt. # 32. Plaintiff's Response does not address or contest this fact. Dkt. # 29. Plaintiff's contention that her claim of Malicious Prosecution "does not have to exhaust the state courts" is inapposite, because Plaintiff was still required to follow the pre-suit demand procedures before making her state law claims in *any* court of

---

[2] Washington's pre-suit claim requirements do not apply to federal claims filed in federal court. *See, e.g., Felder v. Casey*, 487 U.S. 131, 140 (1988); *Wyant v. City of Lynnwood*, 621 F.Supp.2d 1108, 1111 (W.D. Wash. 2008).

ORDER- 7

law.  Dkt. # 29 at 2.  On this basis alone, Plaintiff's remaining state law claims against Island County, should any exist, fail as a matter of law.

Accordingly, all of Plaintiff's state law or federal claims are barred as a matter of law.[3]  There is no genuine issue of material fact regarding Plaintiff's claims, even if the Court assumes all decipherable factual assertions in Plaintiff's Complaint are true.  The Court **GRANTS** Island County's Motion for Summary Judgment.  Dkt. # 20.[4]

**B.     Plaintiff's Outstanding Motions**

Plaintiff has made dozens of filings in this matter; however, very few of these filings can be construed as "motions" under either the Federal Rules of Civil Procedure or this Court's Local Rules.  The vast majority bear titles such as "letter," "notice," "opening statement," "miscellaneous documents," "impact statement (under siege)," and "victim impact statement."  *See, e.g.*, Dkt. ## 24, 33, 41, 53, 57, 64.  These filings are largely indecipherable, contain little more than vague allusions and accusations, and do not require or deserve further attention by this Court.[5]

However, the Court will address Plaintiff's filings that purport to be motions.  Most of Plaintiff's motions request that this Court overturn or invalidate various actions in the Island County criminal and eviction proceedings.  *See* Dkt. # 14 ("MOTION to Vacate Order for Writ of Restitution/Eviction"); Dkt. # 16 ("MOTION for Order for Overturning Writ of Restitution/Eviction"); Dkt. # 35 ("MOTION to Quash Bench Warrant"); Dkt. # 80 ("MOTION to Vacate - Void Judgment/Sentence and Declare

---

[3] The Court notes that even as a stand-alone claim, Plaintiff's Malicious Prosecution claim fails because Plaintiff cannot prove the prosecution ended favorably for her or that any conviction has been overturned.  *Heck v. Humphrey*, 512 U.S. 477, 487-87 (1994).

[4] Plaintiff's claim of improper service and notice of the Motion for Summary Judgment does not seem to have prevented her from responding, and Plaintiff makes no claim of prejudice.  Dkt. # 32.  Accordingly, the Court cannot, and will not, deny Island County's Motion on this basis.

[5] To the extent that Plaintiff may contend these filings are actually motions, they would be terminated as a result of this Order.

Mistrial"); and Dkt. # 83 ("MINUTE MOTION for Order for Release Immediately from Island County Correctional Facility"). Plaintiff does not provide any legal authority that would support or justify this Court's intervention in these proceedings. Generally, federal courts should not intervene in state court proceedings involving issues of state law. *See H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000); *Kleenwell Biohazard Waste & General Ecology Consultants. Inc. v. Nelson*, 48 F.3d 391, 393 (9th Cir. 1995) ("[F]ederal courts should abstain from intervening in pending state judicial proceedings out of deference to the interests of comity and federalism."). Moreover, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972) (per curiam). Plaintiff does not allege any extraordinary circumstances which would justify this Court's intervention in her ongoing criminal proceedings. Plaintiff has failed to demonstrate that she has exhausted all available state avenues before seeking relief from the federal courts. The *Younger* abstention principles therefore apply, both to these motions and to Plaintiff's case in general. These motions are **DENIED**. Dkt. ## 14, 16, 35, 80, 83. The Court will abstain from interfering in Plaintiff's state judicial proceedings.

Plaintiff's "Motion For Change of Venue" similarly fails. Dkt. # 23. Plaintiff's "motion" here is little more than a heading and a citation to a Washington state venue statute. *Id.* It is not clear what relief Plaintiff is seeking here; Plaintiff does not identify what "venue" she would like this Court to transfer this case to or from. Assuming Plaintiff intends for this motion to transfer her ongoing Island County criminal

proceedings to this Court's docket, this Court declines Plaintiff's request for the same abstention principles articulated above. Plaintiff's motion is **DENIED**. Dkt. # 23.

Finally, the Court **DENIES** Plaintiff's Motions for Default Judgment. Dkt. ## 67, 74. Although no party has directly opposed Plaintiff's motions, the Court's role in considering a motion for default judgment is not ministerial. Only where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). As discussed above, the facts do not establish liability for any Defendant. Moreover, each motion fails as a matter of law. Default has not been entered against any party. LCR 55(a). Plaintiff does not identify in these motions which Defendant the Court should enter default judgment against. Plaintiff did not include evidence of proper service on Defendants in either motion, as required. LCR 55(a); *see also Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851–52 (9th Cir.1992) ("where a plaintiff has "failed to serve [defendant] properly . . . the default judgment is void[.]"). Default judgment against the Defendants improperly served or dismissed due to lack of proof of service is inappropriate. Dkt. # 69.[6] Finally, both the other Defendants have "otherwise defended" in this action by filing a Motion to Dismiss and Motion for Summary Judgment. Fed. R. Civ. P. 55(a).

Accordingly, the Court **DENIES** all of Plaintiff's outstanding motions at Dkt. ## 14, 16, 23, 35, 67, 74, 80, 83.

**C. Defendant Option One's Outstanding Motion**

On July 16, 2018, Counsel for Defendant Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-3, Asset-Backed Certificates, Series 2007-3 filed a motion to withdraw as counsel and terminate the Wells Fargo entity as a case

---

[6] Plaintiff also does not contest Island County's assertion that she failed to properly serve a summons and complaint on Island County. Dkt. # 20 at 5. Failure to serve Island County in accordance with state law renders default judgment inappropriate.

participant.  Dkt. # 70.  No party opposed this motion, and the Court dismissed all claims as to Option One mortgage on July 30, 2018.  Dkt. # 82.  Accordingly, this motion is **GRANTED**.  Dkt. # 70.  Joshua Schaer, WSBA #31491 and Perkins Coie LLP are deemed withdrawn as counsel of record in this matter.  Further, the Clerk shall terminate Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-3, Asset-Backed Certificates, Series 2007-3 as a named entity and participant in this action.

### III. CONCLUSION

For all the foregoing reasons, the Court **GRANTS** Defendant Island County's Motion for Summary Judgment.  Dkt. # 20.  The Court **GRANTS** Defendant Option One's Motion to Withdraw as Attorney.  Dkt. # 70.  The Court **DENIES** all of Plaintiff's outstanding motions.  Dkt. ## 14, 16, 23, 35, 67, 74, 80, 83.

Dated this 15th day of August, 2018.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER- 11